UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAZMAN I. RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00474-JRS-MJD |
| | ) | |
| CARROLS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Plaintiff's Voluntary Motion to Dismiss and Granting Defendant's Petition to Confirm Arbitrator's Final Award**
(ECF Nos. 14 & 15)

Plaintiff Jazman I. Riggs alleged sexual harassment, sex discrimination, and retaliation claims against her former employer, Defendant Carrols LLC d/b/a Burger King, under Title VII of the Civil Rights Act of 1964. (ECF No. 1, Compl. ¶¶ 4–6, 11–12.) At the parties' joint request, the Court stayed the matter pending arbitration before JAMS under the terms and conditions of Plaintiff's arbitration agreement (ECF No. 16-1, Pl.'s Arb. Agreement Def. 1) with Defendant. (ECF No. 7, Order Staying Proc.) The JAMS arbitrator dismissed Plaintiff's claims for failure of proof. (ECF No. 15-1, *Riggs v. Carrols LLC*, No. 1340015125 (Dec. 7, 2018) (Clevert, Jr., Arb.) at 9.) Plaintiff now moves to dismiss with prejudice (ECF No. 14, Pl.'s Voluntary Mot. Dismiss), and Defendant petitions for confirmation of the Arbitrator's Final Award. (ECF No. 15, Def.'s Pet.)

Pursuant to the Federal Arbitration Act ("FAA"), the Final Award must be confirmed. The FAA states, in relevant part:

> *If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration,* and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected.*

9 U.S.C.A. § 9 (West) (emphasis added). Plaintiff concedes she "lost at arbitration" and "is not challenging [the] arbitration award." (ECF No. 16, Pl.'s Resp. to Def.'s Pet. ¶ 3.) Thus, the Court must issue an order confirming the award if the parties so agreed. *See Lander Co., Inc. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) ("Under the [FAA], if [a party] fail[s] to move to vacate an arbitration award, [that party] forfeit[s] the right to oppose confirmation (enforcement) of the award if sought later by the other party."). Plaintiff contends she did not enter an agreement permitting a court to enter judgment on the arbitration award. (ECF No. 16, Pl.'s Resp. ¶ 2.) However, Plaintiff consented to arbitration conducted under JAMS rules. (ECF No. 16-1, Arb. Agreement 1.) JAMS arbitration Rule 25 states, in relevant part:

> Proceedings to enforce, confirm, modify, or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, *et seq.*, or applicable state law. The *Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.*

(ECF No. 17-1, JAMS, *Comprehensive Arb. Rules & Procs.*, at 28 (2014) (emphasis added).) Per Rule 25, Plaintiff is deemed to have consented that judgment be entered upon the Final Award consistent with the provisions of the FAA. *Id.* Consequently, the Court must issue an order confirming the final arbitration award.

Accordingly, for the foregoing reasons, Plaintiff's Voluntary Motion to Dismiss with Prejudice is **DENIED**, and Defendant's Petition to Confirm Arbitrator's Final

Award is **GRANTED**.  The Arbitrator's Final Award is confirmed and constitutes the final judgment in this matter.

     **SO ORDERED**.

Date: 5/31/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas B Fullerton
AKERMAN LLP
thomas.fullerton@akerman.com

Robert Peter Kondras, Jr.
HASSLER KONDRAS MILLER LLP
kondras@hkmlawfirm.com